IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DAVID PAUL GONZALES and LUIS LEDESMA | § § § | CIVIL ACTION NO. _____ |
| VS. | § § § | |
| SEADRILL AMERICAS, INC. and TRANSPORTES AEREOS PEGASO | § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Plaintiffs David Paul Gonzales ("Gonzales") and Luis Ledesma ("Ledesma"), complaining of Defendants Seadrill Americas, Inc. ("Seadrill") and Transportes Aereos Pegaso ("Pegaso"), and, for cause of action, would respectfully show unto this Honorable Court the following:

**I.  PARTIES**

1. Plaintiff David Paul Gonzales, is a U.S. citizen and resident of the state of Louisiana.

2. Plaintiff Luis Ledesma, is a U.S. citizen and resident of the state of Arizona.

3. Defendant Seadrill Americas, Inc., is a domestic corporation, with its principal place of business in this District, doing business in this District and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

4. Defendant Transportes Aereos Pegaso, is a Mexican aviation company, doing business in this District and the state of Texas but does not maintain a principal office in this District. In accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), Plaintiffs hereby forward

duplicate originals of process with this Complaint, translated into Spanish, to the Central Authority

for Mexico, to wit:   Ministry of Foreign Affairs
Directorate-General of Legal Affairs
Plaza Juárez No. 20, Planta Baja
Edificio Tlatelolco
Colonia Centro
delegación Cuauhtémoc
C.P. 06010
Mexico, Distrito Federal

for service on Defendant Transportes Aereos Pegaso through its Gulf of Mexico Flight Operations home office, Pegaso Ciudad del Carmen, Campeche, Hangar 5, Zona Federal, Aeropuerto Internacional Ciudad del Carmen, Campeche, C.P. 24190, Mexico.

## II.  JURISDICTION

5.    The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction.  This case is brought pursuant 28 U.S.C. § 1333, the general maritime law, and the Jones Act now codified at 46 U.S.C. § 30104.  In addition this suit is brought under the laws of Mexico for moral damages, among others, and under any other applicable law.

## III.  VENUE

6.    Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

## IV.  FACTS

7.    At all material times hereto, Seadrill owned, operated and/or crewed the vessel to which Plaintiffs were assigned at the time of the incident made the basis of this suit, the rig *West Pegasus*.

8. At all material times hereto, Plaintiffs were employed by Seadrill as members of the crew of the *West Pegasus;* Gonzales as mechanic, and Ledesma as medic.

9. On or about July 13, 2012, Plaintiffs were being transported from the *West Pegasus* located offshore, east of Brownsville, Texas, when the helicopter owned and/or operated by Pegasus and chartered by Seadrill went into a free fall over the Gulf of Mexico, causing Plaintiffs to sustain severe and disabling injuries.

10. The injuries suffered by Plaintiffs and their resultant damages were caused by the negligence and/or gross negligence of Seadrill, and the unseaworthiness of its vessel, in the following particulars, among others:

    (a) failing to provide safe transportation to and from the vessel;
    (b) failing to take reasonable precautions for Plaintiffs' safety;
    (c) failing to provide employees with a reasonably safe place to work;
    (d) failing to warn Plaintiffs of known and/or existing hazards;
    (e) failing to provide proper equipment to Plaintiffs; and
    (f) other acts and/or omissions to be shown at trial herein.

11. The injuries suffered by Plaintiffs and their resultant damages were caused by the negligence and/or gross negligence of Pegaso, in the following particulars, among others:

    (a) failing to properly maintain its helicopter contracted to Seadrill for transportation of its employees;
    (b) failure to provide airworthy helicopters to Seadrill for transportation of its employees;
    (c) other acts and/or omissions to be shown at trial herein.

### V.  COUNT 1 - JONES ACT

12. Plaintiffs' injuries were suffered in the course of their employment and were caused by the negligence of Seadrill and its officers, agents, or employees, as described herein.

## VI.  COUNT 2 - UNSEAWORTHINESS

13.     Plaintiffs' injuries were caused by Seadrill's breach of its absolute duty to furnish a seaworthy vessel.

## VII.  COUNT 3 - MAINTENANCE AND CURE

14.     Plaintiffs would show that on the above mentioned date they were injured while in the service of the vessel.  As a result, Seadrill had, and continues to have, a non-delegable duty to provide Plaintiffs with the benefits of maintenance and cure.  Plaintiffs would show that they have not reached maximum medical improvement and that Seadrill's duties therefore continue. Seadrill has breached its absolute duty by denying payment of maintenance and cure and/or have unreasonably delayed said payment.  As a result of Seadrill's failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiffs have suffered further injuries and damages, for which they now sue.  Plaintiffs would further show that Seadrill's failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or wilful, callous and persistent, and that, as a result thereof, Plaintiffs are entitled to an award of damages for aggravation of their conditions caused by Seadrill's failure, as well as attorney's fees, and punitive damages, for which they now sue, in addition to all other relief sought.

## VIII.  DAMAGES

15.     As a direct and proximate result of Defendants' conduct, Plaintiffs suffered the following injuries and damages, including, but not limited to: (a) mental anguish in the past and future; (b) lost earnings; (c) loss of earning capacity; (d) disfigurement in the past and future; (e) physical impairment in the past and future; (f) medical expenses in the past and future; (g) physical

4

pain and suffering; (h) punitive damages; (i) all other damages allowed by applicable law, including moral damages as provided by Mexican law.

### IX.  JURY DEMAND

16.     Plaintiffs demand a trial by jury herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against Defendants for:  actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages; attorney's fees; costs of suit; all other damages to which Plaintiffs are entitled by law; and all other and further relief to which they may be entitled.

Respectfully submitted,

*/s/ Francis I. Spagnoletti*
Francis I. Spagnoletti
SBN 18869600 / Federal ID 5369
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:     713-653-5600
Facsimile:      713-653-5656
Email:            fspagnoletti@spaglaw.com

**OF COUNSEL**:

SPAGNOLETTI & CO.

ATTORNEYS FOR PLAINTIFFS